IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO.   3:17-CR-147-B |
| v. | |
| JOSE SOLIS | |

## PLEA AGREEMENT

Jose Solis, the defendant, Martin Regan, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**:   Solis understands that he has the rights

    a.   to plead not guilty;

    b.   to have a trial by jury;

    c.   to have his guilt proven beyond a reasonable doubt;

    d.   to confront and cross-examine witnesses and to call witnesses in his defense;

    e.   against compelled self-incrimination; and

    f.   to have his case presented to a grand jury before he can be charged with a felony offense.

2. **Waiver of rights and plea of guilty**:   Solis waives these rights and pleads guilty to the offenses alleged in Count One and Count Two of the information filed December 6, 2016 in the United States District Court Eastern

**Plea Agreement - Page - 1**

District of Louisiana charging him with violating 21 U.S.C. § 846, that is, conspiracy to distribute a Schedule I controlled substance (heroin) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Solis understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

    3.    **Sentence**: The maximum penalties the Court can impose for a conviction under Count One includes:

    a.    imprisonment for a period of not less than ten years and not more than life;

    b.    a fine not to exceed ten million dollars ($10,000,000.00), or twice the pecuniary gain to defendant or loss to the victim;

    c.    a mandatory term of supervised release of not less than five years must follow any term of imprisonment. If Solis violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of one hundred dollars ($100.00);

    e.    restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    costs of incarceration and supervision; and,

    g.    forfeiture of property.



The maximum penalties the Court can impose for a conviction under Count Two includes:

a. a term of imprisonment for a period of not more than 20 years;

b. a fine not to exceed $500,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

c. a term of supervised release of not more than 3 years, which must follow any term of imprisonment. If Solis violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100.00;

e. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

f. costs of incarceration and supervision; and,

g. forfeiture of property.

4. **<u>Immigration Consequences</u>:** Solis recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and Solis understands that no one, including his attorney or the district court, can predict to a certainty the effect of his convictions on his immigration status. Solis nevertheless affirms that he wants to plead guilty

Plea Agreement - Page - 3



regardless of any immigration consequences that his pleas of guilty may entail, even if the consequence is his automatic removal from the United States.

5. **Court's Sentencing Discretion and Role of the Guidelines**: Solis understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Solis has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Solis understands that he will not be allowed to withdraw his plea if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable advisory guideline range. Solis will not be allowed to withdraw his plea if his sentence is higher than expected. Solis fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely left to the discretion of the Court.

6. **Mandatory special assessment:** Solis agrees to pay to the U.S. District Clerk the amount of $200.00, in satisfaction of the mandatory special assessment in this case.

7. **Defendant's Agreement:** Solis shall give complete and truthful information and/or testimony concerning his participation in the offense of

Plea Agreement - Page - 4



conviction. Upon demand, Solis shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Solis expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Solis fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Solis agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Solis's full and immediately enforceable financial obligation. Solis understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

8. **Forfeiture**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Indictment/Information and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. The defendant consents to entry of any orders or declarations of forfeiture regarding all such property and

Plea Agreement - Page - 5



waives any applicable statutes of limitation, and any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43(a) of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

9. **Government's Agreement:** The Government will not bring any additional charges against Solis based upon the conduct underlying and related to Solis's plea of guilty. The Government will dismiss, after sentencing, any remaining charges in the pending indictment. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Solis or any property.

10. **Violation of Agreement**: Solis understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the

Plea Agreement - Page - 6



Government will be free from any obligations of the agreement and free to prosecute Solis and others for all offenses of which it has knowledge. In such event, Solis waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Solis also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

11. **Voluntary Plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Waiver of Right to Appeal or Otherwise Challenge Sentence:** Solis waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Solis reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13. **Representation of Counsel:** Solis has thoroughly reviewed all legal



and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Solis has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Solis has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of Agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 29 day of JUNE, 2017.

JOHN R. PARKER
UNITED STATES ATTORNEY

RICK CALVERT
Assistant United States Attorney
Texas Bar No. 03669700
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: (214) 659-8675
Facsimile: (214) 659-8812
Email: rick.calvert@usdoj.gov

Plea Agreement - Page - 8

JOSE SOLIS                                MARTIN REGAN
Defendant                                 Attorney for Defendant


I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          _____
JOSE SOLIS                               Date  Jun 29, 2017
Defendant


I am the Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          _____
MARTIN REGAN                             Date  Jun 29, 2017
Attorney for Defendant


**Plea Agreement - Page - 9**