UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0147-B |
| | § | |
| JOSE H. SOLIS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jose H. Solis's Motion for Compassionate Release (Doc. 22) under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On February 8, 2018, Solis was sentenced to 128 months of imprisonment and five years of supervised release after pleading guilty to two counts: (1) conspiracy to distribute and to possess with the intent to distribute a mixture or substance containing a detectable amount of heroin; and (2) conspiracy to launder monetary instruments involving proceeds of an unlawful activity. Doc. 20, J., 1. Solis is currently forty-two years old and is confined at Seagoville Federal Correctional Institution (FCI) with a statutory release date of October 1, 2023.[1] As of August 13, 2020, Seagoville FCI has thirty-nine active cases of COVID-19—thirty-five among prisoners and four among staff—and 1,337

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

recoveries from COVID-19 with three deaths.[2]

Solis now seeks compassionate release under 18 U.S.C. § 3582 "due to the 'extraordinary and compelling reasons' confronting the Federal Bureau of Prisons (BOP) by COVID-19." Doc. 22-1, Def.'s Br., 1. Specifically, Solis alleges that "he faces significant risks to his health" because of "his age and the fact that COVID-19 is spreading rapidly, including in federal prisons[.]" *Id.* at 2.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

In sum, the Court denies Solis's request for compassionate release because: (1) he has failed to exhaust his administrative remedies; and (2) his motion fails to demonstrate extraordinary and compelling circumstances under § 3582(c)(1)(A). Further, insofar as Solis requests home

---

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/.

confinement, the Court lacks the authority to modify his conditions in this manner.

A.     *Solis Has Failed to Satisfy the Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Here, Solis alleges that "[s]imultaneously with the filing of this motion," he made a request to the warden of his facility for compassionate release. Doc. 22-1, Def.'s Br., 6. As Solis concedes, he has neither waited thirty days from the warden's receipt of his request nor fully exhausted all of his administrative rights to appeal. *Id.* (citing § 3582(c)(1)(A)). Accordingly, Solis has failed to satisfy the exhaustion requirement.

Solis argues that the Court can and should waive the exhaustion requirement. Some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020), *adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived). But the Court need not consider the propriety of such an exception here because as explained in the Court's discussion of the merits of Solis's motion, Solis has not shown extraordinary or compelling reasons for release.

---

[3] The Court has recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

B.    *Solis Fails to Demonstrate Extraordinary and Compelling Reasons Warranting Compassionate Release.*

Solis has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[4] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *7–8). The Court will do so here as well.

Here, Solis claims "his gender, and the rapidly advancing COVID-19 outbreak, together with the prison's inability to permit self-care measures directed by the CDC to remain safe during the outbreak, warrant relief." Doc. 22-1, Def.'s Br., 12. To support this contention, Solis relies on infection statistics from prison facilities other than Seagoville FCI. *Id.* at 8 (citing to purported data

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. 1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

from Federal Medical Center Butner in North Carolina and Oakdale FCI in Louisiana). Bizarrely, Solis's counsel claims that thus far Seagoville FCI has been unaffected by COVID-19, but that this data from other prisons shows that the virus will soon reach Seagoville FCI. *Id.* at 2, 8–9. Solis's counsel is incorrect; Seagoville FCI has been greatly affected by the pandemic. *See supra* at 1–2 & n.2. Regardless, aside from his age, Solis does not claim that he has any medical conditions that would increase his risk of developing severe or life-threatening symptoms due to a COVID-19 infection. *See generally* Doc. 22-1, Def.'s Br.

The Court acknowledges that the COVID-19 pandemic is unprecedented. However, its generalized effect on the nation—and Seagoville FCI—does not demonstrate extraordinary and compelling circumstances specific to Solis. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). Seagoville FCI has experienced a serious COVID-19 outbreak, and yet, the BOP website provides that there are currently only thirty-nine active cases at that facility. The BOP website shows that there have been 1,337 recoveries and three deaths at the facility. While the Court recognizes that the situation at Seagoville FCI is precarious, the BOP seems to have curtailed the spread of the infection based on recent case numbers.

Further, to the extent that Solis claims he is a "high-risk patient" that may be more susceptible to the deadly symptoms of COVID-19 should he contract it, Solis has submitted no medical documentation to prove that he suffers from any condition that would put him at greater risk. Solis merely states that he is at high risk because of his age. Doc. 22-1, Def.'s Br., 2.

In sum, because by all accounts Solis appears to be a healthy individual with no serious

medical conditions, and because generalized concerns about the spread of COVID-19 cannot form the basis of compassionate release, the Court concludes that Solis has not shown "extraordinary and compelling reasons" for his requested relief. *See* § 3582(c)(1)(A). Accordingly, the Court **DENIES** Solis's motion.

C.      *The Court Lacks the Authority to Order Home Confinement.*

Solis requests that this Court "order that he be temporarily placed on home confinement . . . ." Doc. 22-1, Def.'s Br., 1. It is within the BOP's sole discretion to place prisoners in home confinement toward the end of their sentences under 18 U.S.C. § 3624(c)(2). *See United States v. Snead*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)) (noting that requests for home confinement "are properly directed to the [BOP]") . Thus, this Court lacks the authority to move Solis to home confinement.

## IV.

## CONCLUSION

For the foregoing reasons, Solis's Motion for Compassionate Release (Doc. 22) is **DENIED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies and for failure to provide extraordinary and compelling reasons for compassionate release. Additionally, this Court lacks authority to transfer Solis to home confinement.

By denying Solis's motion without prejudice, the Court permits Solis to file a subsequent motion for compassionate release after he has exhausted his administrative remedies under § 3582(c)(1)(A). However, as noted above, the Court points out that general concerns about COVID-19 do not rise to the level of extraordinary and compelling reasons for compassionate release.

-6-

SO ORDERED.

SIGNED: August 14, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE